# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20554

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

BRENT JUSTICE,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-731-2

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Brent Justice appeals his conviction on four counts of violations of 18 U.S.C. § 48, specifically, three counts alleging the creation of animal crush videos and one for distribution of such a video. We vacate the conviction as to one count (Count 3) and render a judgment of acquittal on that count. In all other respects, we affirm.

We have seen this case once before. *United States v. Richards*, 755 F.3d 269 (5th Cir. 2014). In *Richards*, we concluded that § 48, which prohibits

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20554

certain conduct relating to videos that (1) depict animal abuse and (2) are obscene, is not facially unconstitutional. In so holding, we incorporated the limitations on prohibitions of obscenity set forth in *Miller v. California*, 413 U.S. 15, 24 (1973). *Id.* at 274–76. In *Miller*, the Court stated that such prohibitions must involve the depiction or description of sexual conduct and "be limited to works [(1)] which, taken as a whole appeal to the prurient interest in sex, [(2)] which portray sexual conduct in a patently offensive way, and [(3)] which, taken as a whole, do not have serious literary, artistic, political, or scientific value." 413 U.S. at 24.

Following the *Richards* decision, Justice proceeded to trial before the bench with respect to three videos: "whitechick" (creation), "blackluvsample" (creation), and "adammeetseve2" (creation and distribution). The district court convicted him on all counts and assessed identical sentences of 57 months to run concurrently, which ultimately resulted in a sentence of fourteen months after crediting time served in state custody on related state charges. *Texas v. Justice*, Harris County, Cause No. 1357897 (2012), *modified*, *Justice v. State*, No. 14-16-00153-CR, 2017 Tex. App. LEXIS 9807 (Tex. App. – Hous. [14th Dist.] Oct. 19, 2017). Justice appeals, challenging only his convictions, not his sentence.

The focus of both sides' arguments is whether sexual conduct is depicted in a patently offensive way in these videos. In *Miller*, the Court gave "plain examples" of patently offensive conduct.[1] 413 U.S. at 25. Justice says that the Government cannot prosecute conduct that does not fit in those examples. Justice also argues that any such depictions are too brief to permit conviction.

---

[1] The Court defined the "plain examples" as "(a) [p]atently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated [and] (b) [p]atently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." *Miller*, 413 U.S. at 25.

No. 16-20554

Finally, Justice contends that any sexual conduct in these videos is not what is patently offensive; rather, it is the animal cruelty which is patently offensive.

We conclude first that it is appropriate to view the videos in their totality. *See United States v. Ragsdale*, 426 F.3d 765, 769, 781 (5th Cir. 2005) (finding entire videotapes obscene even though a victim in one videotape "seem[ed] to consensually engage in various sexual activities" during the first half of the videotape). We further conclude that it is unnecessary to resolve the other legal disputes here. This case can be resolved on the facts of these particular videos, not abstract principles of law; therefore, any other legal disputes are not determinative here. Examining the specific videos in full, we conclude as follows:

1. Even assuming, arguendo, that § 48 obscenity is limited to the "plain examples," whitechick and adammeetseve2 (Counts 2, 4, and 5) meet that test: the former portrays masturbation with a chicken and the latter portrays simulated sodomy of a cat, both of which are patently offensive and fall in the plain examples of *Miller*. *See* 413 U.S. at 25.

2. On the other hand, even assuming, arguendo, that obscenity is not limited to the "plain examples," blackluvsample (Count 3), while clearly intended to "appeal to the prurient interest," does not "portray sexual conduct" and, therefore, while horrific, is not obscene under *Miller*. *See id.*

As a result of these conclusions, we VACATE Justice's conviction under Count 3 and RENDER a judgment of acquittal on that count. In all other respects, we AFFIRM the district court's judgment.[2]

---

[2] The sentences on all four counts were identical and ran concurrently. At oral argument, Justice's counsel conceded that a vacatur of only one conviction would not warrant a remand for resentencing.

3